**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-50037 |
| Plaintiff-Appellee, | D.C. No.<br>3:16-cr-00995-GPC-1 |
| v. | |
| JAIME RENE LOPEZ-VAAL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted August 30, 2018[**]
Pasadena, California

Before:  WARDLAW, BYBEE, and IKUTA, Circuit Judges.

Jaime Rene Lopez-Vaal appeals the district court's sentence of 40 months'

imprisonment and three years' supervised release following his guilty plea for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

being a removed alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b). We have jurisdiction under 28 U.S.C. § 1291.

Lopez-Vaal admitted the facts establishing the elements necessary for conviction under 8 U.S.C. § 1326(a) and (b)(1) in his plea agreement and Rule 11 colloquy, namely that he was an alien who had been "lawfully excluded, deported and removed from the United States to Mexico on April 16, 2007," and that prior to this 2007 removal, he had been convicted of a felony for trafficking cocaine in violation of section 69.50.401(A)(1) of the Revised Code of Washington.[1] Because Lopez-Vaal's conviction under §§ 1326(a) and (b)(1) was proper, the 40-month sentence imposed by the district court, which was below the ten-year statutory maximum established in § 1326(b)(1), was lawful. The district court did not directly or implicitly hold that Lopez-Vaal had been convicted of a violation of § 1326(b)(2) or that it was imposing a sentencing enhancement under that section. Therefore, we reject Lopez-Vaal's arguments that the district court erred by imposing a sentence under § 1326(b)(2).

**AFFIRMED.**

---

[1] Lopez-Vaal waived the argument that the Washington offense does not categorically qualify as a felony for purposes of § 1326(b)(1) because he did not raise it in his opening brief. *See United States v. Anderson*, 472 F.3d 662, 668 (9th Cir. 2006). Further, Lopez-Vaal failed to develop this argument or cite any relevant precedent to support this claim. Therefore, we do not address it here.